IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 07 CR 227 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| JOHN TOMKINS, | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant John Tomkins' motion to dismiss superseding indictment for violation of the Speedy Trial Act [332]. For the reasons set forth below, the motion [332] is respectfully denied.

**I.   Background**

This Court has previously addressed many of the issues raised in Defendant's pending motion to dismiss, and decided that, in denying pretrial release under § 3164, no Speedy Trial Act violation had occurred. R. 217. The Court's decisions under § 3164 have twice been upheld by the Seventh Circuit. *United States v. Tomkins*, No. 11–3379, slip op. (7th Cir. Nov. 18, 2011); *United States v. Tomkins*, No. 12–1009, slip op. (7th Cir. Feb. 2, 2012). In ruling on the pending motion to dismiss, the Court incorporates by reference the prior opinion denying pretrial trial release and the remarks made on the record in open court on the first day of trial.

**II.   Analysis**

The current motion is a motion to dismiss based on Speedy Trial Act violations, rather than a motion for pretrial release. The Speedy Trial Act, 18 U.S.C. § 3161, requires trial to begin within seventy days from the filing of the indictment or the date on which the defendant "appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (1990). In determining whether trial began within 70 days

of indictment or appearance, the district court excludes certain periods of delay, including "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id*. § 3161(h)(1)(F).[1] Periods of delay resulting from the pendency of a pretrial motion are automatically excluded; "no ends-of-justice balancing by the court is necessary." *United States v. O'Connor*, 656 F.3d 630, 642 (7th Cir. 2011). The district court may also exclude time "at the request of the attorney for the Government, if the judge grant[s] such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).[2] In ruling that the ends of justice warrant the exclusion of time, the district court must set out its reasons for granting the exclusion, and the court may consider whether "failure to grant such a continuance" would "unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." *Id*. The district court "must enter the findings into the record not later than the time the court rules on a defendant's motion to dismiss." *O'Connor*, 656 F.3d at 636; see also *Zedner v. United States*, 547 U.S. 489, 507 (2006) (explaining that the Speedy Trial Act does not require that these findings be made contemporaneously with the exclusion of time, so long as the findings were made, "if only in the judge's mind, before granting the continuance").

Defendant argues that the Speedy Trial Act has been violated. The Court previously determined that Defendant was not entitled to pretrial release under § 3164 because 90 days had not run off of the speedy trial clock and because many of the delays caused in the trial were the

---

[1] The Speedy Trial Act was amended in October 2008. The provision for excluding time while pretrial motions are pending now appears at 18 U.S.C. § 3161(h)(1)(D).

[2] As part of the October 2008 amendment, § 3161(h)(8) was moved to § 3161(h)(7).

fault of Defendant. R. 217 at 17–23. Although dismissal of an indictment for speedy trial violations under § 3162 does not include as a statutory consideration whether the defendant caused delays, the Seventh Circuit does review the role that the defendant played in causing the continuance in assessing the merits of an exclusion of time. See *United States v. Adams*, 625 F.3d 371, 379–80 (7th Cir. 2010) (explaining that defendant could not successfully allege speedy trial violations where his own continuance motions caused delays). Additionally, whether the defendant caused or agreed to delays is a factor that courts consider in determining whether the defendant incurred any prejudice due to the delays. *United States v. Sykes*, 614 F.3d 303, 309 (7th Cir. 2010). As a result, much of the analysis previously conducted by the Court in determining whether time was properly excluded applies to Defendant's pending motion.

Judge Lindberg declared the case "complex" under § 3161(h)(7)(B)(ii) on October 31, 2007. All delays in this case following that declaration—and all exclusions of time resulting from those delays—are viewed through that lens. The case is complex, and the Speedy Trial Act allows for courts to grant leeway and additional preparation time to parties in such instances. See *O'Connor*, 656 F.3d at 639 (explaining that "the ends-of-justice provision exists" to offer "district judges the flexibility needed to effectively manage complex litigation"). Many of the delays in this case have arisen directly because of the complexity of the case: that is, the volume of discovery, the nature of the charges, and the scope of and motives for the crimes. Add to that the fact that Defendant changed counsel several times and then was proceeding *pro se* for a good portion of this case (and through trial). Additionally, Defendant himself admitted on the record this winter that he would not be able to go to trial prior to the April 2012 date suggested by the Court. A *pro se* defendant in a complex case adds a whole host of difficulties and issues not found in a complex case with lawyers on both sides. While Judge Lindberg's "complex case"

3

ruling in 2007 cannot alone support every one of the exclusions of time, that ruling provides necessary context for the delays.

In his motion, Defendant contends that "[b]ecause the last time Judge Lindberg relied on the automatic exclusion under § 3161(h)(1)(F) was on January 12, 2009 * * * the violation of the STA occurred before the superseding indictment was returned." R. 332 at 4. Defendant also contends that "the STA clock for Counts One through Eight began to run on May 6, 2009," and that the "only question then is whether Counts Nine through Thirteen should be dismissed with or without prejudice." R. 332 at 4. However, in his reply brief, Defendant reiterates that not only is he challenging continuances prior to the filing of the superseding indictment, he is challenging "each of the continuances that Judge Lindberg granted under § 3161(h)(1)(8)(A) and the fact that a trial date was not set in accord with § 3161(a)." R. 348 at 5. He states that he is "waiving" his argument for "the time that this court has excluded because this court has complied with the requirements of *Zedner* and *Bloate* in excluding time." *Id.* Thus, Defendant does not present a Speedy Trial Act claim resulting from delays after December 2, 2010. See 18 U.S.C. § 3162(a)(2); *United States v. Hassebrock*, 663 F.3d 906, 912 (7th Cir. 2011). Thus, the Court, in deciding this motion, looks only at the exclusions of time prior to December 2, 2010.

The Court is satisfied that the findings previously made by the Court in denying Defendant's motion for pretrial release apply to the instant motion. However, in the interest of completeness, the Court makes the following findings as further support (beyond the reasons previously articulated for finding no Speedy Trial Act violation) in denying Defendant's motion to dismiss.

First, the Court previously addressed the 21-day period between arraignment and the filing of the Government's motion for the court to declare the case "complex." Under the law

4

governing this Court and Magistrate Judge Schenkier in September 2007, see *Tibboel*, 753 F.2d at 610, this exclusion was proper. R. 210 at 12–13; R. 217 at 19–20 (Order). While *Bloate* has since changed the law on whether time to file pretrial motions is automatically excludable, courts may still determine that allowing an exclusion of time to allow for parties to file pretrial motions is in the interest of justice. See *United States v. Napadow*, 596 F.3d 398, 404 (7th Cir. 2010) (explaining that excluding time to allow parties to prepare pretrial motions "was a practical, common-sense way of proceeding"). Given that the case was at its earliest stages when Judge Schenkier set the pretrial motion schedule, excluding time to allow for the parties to consider, prepare, and file pretrial motions would have been reasonable and in the interest of justice. Indeed, Defendant has since filed numerous pretrial motions (including the motion now pending). Excluding time would have been (and was) in the interest of justice and appropriate under that provision of the Speedy Trial Act. The Court held precisely that in its previous opinion: "it seems reasonable that granting a continuance for pretrial motions would be in the interest of justice at an early juncture of a complex case." R. 217 at 20. Because no court has yet ruled on Defendant's dismissal motion, the Court now finds that implicit in Judge Schenkier's 2007 order was an exclusion of time in the interest of justice.

Next, at the November 29, 2007 status hearing, the parties discussed setting the deadline for pretrial motions in January 2008 due to the volume of discovery and Judge Lindberg's prior ruling that the case was complex. R. 241 at 3–4 (transcript) (setting response and reply dates and a status for March 19, 2008.). In this Court's view, excluding time in the interest of justice is appropriate in light of the colloquy at the hearing, Judge Lindberg's "complex case" ruling," and what, to Judge Lindberg, was an obvious need for additional time to review extensive discovery. The Court now completes the record by confirming what was clear to Judge Lindberg: that time

5

was to be excluded in the interest of justice to allow for defense counsel to review the large volume of discovery and prepare appropriate pretrial motions. The Government previously argued this issue in a brief addressing Defendant's § 3164 claim. R. 210 at 13–14. And the Court already has held that "[a]lthough the minute order does not make any reference to § 3161(h)(8)(A) * * * it seems clear that the previous judge excluded time on that basis, especially when the November 29, 2007, order is considered in the context of the case, and in particular, the October 31, 2007, order declaring the case complex." R. 217 at 21. The Court's prior reasoning has the same weight in assessing Defendant's current motion to dismiss the indictment as it does in responding to his previous motion for pretrial release. This reasoning applies to continuances granted on April 16, 2008 (R. 37), May 5, 2008 (R. 43), June 9, 2008 (R. 46), July 14, 2008 (R. 68), August 12, 2008 (R. 71), September 22, 2008 (R. 74), October 20, 2008 (R. 78), and December 10, 2008 (R. 88).

With respect to the January 30, 2008 order granting an extension of time to file pretrial motions, the Court previously held that, consistent with Judge Lindberg's declaration that the case is complex and his other orders excluding time for pretrial filings, "the time necessary to resolve [this and subsequent] proceedings also was properly excluded." R. 217 at 21. Again, this conclusion has as much force in responding to Defendant's motion to dismiss as in considering his motion for pretrial release. To complete the record on these exclusions of time in the interest of justice, the Court follows its prior reasoning and concludes that, because the reasoning was put on the record before Defendant's motion to dismiss was decided, the exclusion was proper and adequately placed in the record.

On March 19, 2008, Judge Lindberg granted Defendant's motion to change defense counsel. Along with the other reasons noted by the Court for excluding time in the interest of

6

justice at the time of this hearing, time also would have been properly excluded to allow a reasonable time for Defendant's new attorney to become familiar with this case. See 18 U.S.C. § 3181(h)(8)(B)(iv) (delay is necessary to allow counsel reasonable time for effective preparation of case). Judge Lindberg was familiar with the complexity of the case, having entered an order in October 2007 declaring the case complex.

At the status hearing on April 16, 2008, defense counsel stated that he was completing a trial in an unrelated case and "need[ed] a little more time to figure out if we need to file any motions or not." R. 243 at 2 (transcript). Judge Lindberg excluded time "in the interest of justice" based on defense counsel's representations. R. 243 at 3. This exclusion was reasonable, and the record adequately supports the justification for it. Furthermore, because defense counsel sought the additional time, Defendant cannot now rely on this delay in his motion to dismiss. See *Adams*, 625 F.3d at 379–80.

On July 11, 2008, Defendant filed a motion for extension of time to file pretrial motions. In this motion, Defendant asserted that he had asked for copies of the Government's electronic media, and that transferring the information to Defendant was causing delays. Defendant cannot seek dismissal of an indictment on the basis of a trial delay that he caused. See *Adams*, 625 F.3d at 379–80. The Court addressed this particular delay in November and December 2011. See R. 246 at 3; 251 at 11. In denying Defendant's motion under § 3164, the Court held that Defendant caused this delay, and further determined that Defendant's motion provided ample reason justifying the exclusion of time. R. 255.

On August 11, 2008, Defendant filed another motion for extension of time to file pretrial motions. Defendant provided a thorough reason for the exclusion of time in his own motion: Defendant needed the continuance to allow for hard drives sent to the Government to be loaded

7

with electronic media and returned to Defendant. R. 69 at 1–2. The Government already had given Defendant access to the discovery, and was providing digital copies of the discovery to Defendant. See R. 251 at 5–6. In the context of Defendant's motion for pretrial release, the Court already concluded that this delay at least in part was attributable to Defendant and the Court now applies this reasoning to the current motion.

On September 19, 2008, Defendant filed another motion for extension of time to file pretrial motions. Defendant sought this continuance for the purpose of obtaining and reviewing the electronic media requested from the Government. R. 72 at 1. Additionally, Defendant sought this exclusion to allow for counsel to complete the drafting of a Seventh Circuit brief in an unrelated case. R. 72 at 2. Delays such as these are properly excluded under the interest-of-justice provision. See *Napadow*, 596 F.3d at 405 ("Counsel told the district court that more time was needed to prepare for trial, and, on that representation, the court granted the continuance. This sequence of events, followed by the court's later explanation, sufficiently identified the applicable continuity of counsel factor under the ends-of-justice exclusion.").

On January 12, 2009, Judge Lindberg extended the date to file responses to the pretrial motions and reset the status to March 11, 2009. While Defendant's motions were pending, time was automatically excluded. *Bloate*, 130 S. Ct. at 1351–52. Thus, the time between January 12, 2009, and March 6, 2009, was automatically excluded even though Judge Lindberg excluded time to allow for filing of pretrial motions. Furthermore, the Court previously determined that Judge Lindberg made an interest-of-justice finding in light of the complexity of the motions filed by Defendant. The additional time to respond to the pretrial motions was warranted.

On March 2, 2009, Judge Lindberg struck the March 11 ruling date and set a status for March 25, 2009. The Court concludes that the time between March 6, 2009, and March 25,

8

2009, was properly excluded in the interest of justice, in light of the complexity of the case and to allow both parties to determine strategies in the aftermath of Judge Lindberg's rulings on Defendant's motions—which came out on March 6, 2009 (prior to the initial ruling date of March 11). Such a determination was in the interest of justice.

During the status on March 24, 2009 (the hearing was moved from March 25 to March 24), the Government represented that it had "been in conversations with [defense counsel] regarding him coming in and meeting with [the Government's] front office regarding the 924(c) charge." R. 242 at 2 (transcript). The Government asked for a three-week continuance, and further represented that "[d]uring that time frame, we can schedule that meeting with my front office, and in addition, we can make a final decision as to whether or not we are going to supersede and add any additional counts." R. 242 at 3. The Government then moved for an exclusion of time "in the interest of justice for the proposed meetings and any additional motions that need to be brought." R. 242 at 3. Defendant did not object to this motion. As the Court previously noted in denying Defendant's motion for pretrial release, allowing parties time to conduct plea negotiations is a well-established reason for excluding time under the interest-of-justice exception. *O'Connor*, 656 F.3d at 639 (assessing a district court's decision to exclude time in part to allow for plea negotiations, and stating that "[i]t is precisely for cases like this one that the ends-of-justice provision exists"). Time was properly excluded in light of the representations made on the record that the parties were in plea discussions.

At the status hearing held on April 29, 2009, the Government represented that it met with defense counsel, and that it had time reserved with the Grand Jury the next day to seek a superseding indictment. R. 244 at 3 (transcript). Although the interest of justice may have allowed for time to be excluded until May 6, 2009, to allow for additional plea discussions and

for the defense to consider strategies following receipt of the superseding indictment, when asked whether time should be excluded, the Government responded that "I don't think there is a need to do that given what's going to happen tomorrow." R. 244 at 3. Thus, seven days ran off of the speedy trial clock between this hearing and May 6, 2009. The superseding indictment was filed on April 30, 2009.

On May 6, 2009, Defendant was arraigned on the superseding indictment. During this hearing, Defendant stated that he "would like to see if it would be possible to change counsel," and explained that he wanted to "see if we can't work out a plea agreement with another attorney." R. 245 at 2–3 (transcript). The Government noted that then-appointed defense counsel met with the Government, but that "[t]hose negotiations have not gone anywhere." R. 245 at 3. The Government then moved for the exclusion of time "for continuity of counsel purposes." R. 245 at 7. Given the colloquy during the hearing and Defendant's request for new counsel, Judge Lindberg had a record of the reasons for the exclusion of time, understood the reason why the government sought an exclusion for "continuity of counsel purposes"—to allow defendant to seek new counsel—and excluded time on these grounds. Defendant did not object. The Court concludes that, in light of this record, Judge Lindberg based his ruling on the need to allow Defendant to explore obtaining new counsel, and that excluding time in the interest of justice for continuity of counsel was appropriate. Then, on May 13, 2009, a new attorney was appointed. Because Defendant's attorney withdrew at this status, the Court confirms that time was properly excluded in the interest of justice to allow new counsel a reasonable amount of time for effective preparation of the case. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court concludes that the time between May 6, 2009 and July 28, 2009, was properly excluded because the parties represented that they were in plea negotiations during this time. For

the most part, Judge Lindberg made these findings on the record, and to the extent that he did not, the Court completes the record and concludes that time was properly excluded to allow the parties to pursue plea negotiations.

On August 5, 2009, Defendant's attorney withdrew at the status hearing, and new counsel was appointed on August 12, 2009. R. 119. The Court confirms that time was properly excluded from August 5 until August 12 in the interest of justice to allow for the appointment of new counsel and for a reasonable amount of time for new counsel to prepare for the case. *See* 18 U.S.C. § 3161(h)(7)(B)(iv) (continuity of counsel and effective preparation). Time was appropriately excluded between August 12 and October 14, 2009 to allow for new counsel to become familiar with the case, particularly in light of the case's complexity. *See* 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv). The Court confirms the propriety of these exclusions.

At the October 14 status hearing, new counsel represented that he had made progress in reviewing the record and wanted to "try and resolve this short of trial," but "still need to prepare and do some things." R. 264 at 2 (transcript). Defense counsel further represented that he "received a box of discovery and other materials from Mr. Tomkins' former counsel." R. 264 at 2. Defense counsel then asked for an additional continuance "with no objection to excluding time under the Speedy Trial Act for continuity of counsel purposes and to allow [him]self to become more familiar with the facts of the case and with Mr. Tomkins," and to allow the parties "to sort these things out and reconstruct everything that the government has given the defense in this case." R. 264 at 3. Judge Lindberg properly excluded time from October 14, 2009 through February 17, 2010, the interest of justice. Given defense counsel's representations about needing additional time to review case material and consider plea options, Judge Lindberg was informed

and aware of the reasons why the defense sought the continuance and why an exclusion of time in the interest of justice was appropriate.

Judge Lindberg excluded time from February 17, 2010 through July 21, 2010, under the interest-of-justice exception because "the benefits of allowing the parties to attempt to negotiate a disposition of the case before trial outweigh the interests of the public and the defendant in a speedy trial." The Court confirms the propriety of these exclusions. With respect to these exclusions, Judge Lindberg made appropriate findings. However, there is one more point worth noting, which, in the Court's view, crystallizes the progress of this case. At the status hearing on March 31, 2010, defense counsel represented that "the prosecution and defense are still working towards a possible plea resolution in this case." R. 232 at 2 (transcript). During this hearing, defense counsel also stated that "*Mr. Tomkins is well aware of his rights under the Speedy Trial Act*. He and I have talked about them directly. *He is interested in pursuing these plea negotiations and not going to trial*. And, therefore, we would have no objection to a further exclusion of time under the Speedy Trial Act." R. 232 at 2–3 (emphasis added). Based on these representations, Judge Lindberg's exclusion of time to allow for plea discussions was appropriate and fully supported by the record. The Court now completes the record by noting this connection between the defense's representation and Judge Lindberg's order. Moreover, based on the concession that Mr. Tomkins knew, understood, and waived a speedy trial in exchange for pursuing a plea, an argument certainly could be made that Defendant knowingly waived any speedy trial claims he could have asserted with respect to delays between March 31, 2010, and trial on April 23, 2012.

On July 21, 2010, Defendant declined to enter a change of plea and moved for leave to proceed *pro se* with defense counsel Frank Lipuma as stand-by counsel. Because Defendant

12

moved to proceed *pro se*, the time between this hearing and the next on August 4, 2010, was automatically excludable. At the hearing on August 4, Defendant explained his desire to proceed *pro se*, at which time Judge Lindberg engaged Defendant in a detailed colloquy in regard to Defendant's request. R. 233 (transcript). Defendant also represented that he had a motion that he was prepared to file. R. 233 at 18. The Government moved, without objection, for the exclusion of time "in the interest of justice for continuity of counsel, for the preparation of pretrial motions, motions *in limine* by the defendant, who is now proceeding *pro se*." R. 233 at 22. In light of Defendant's need to begin to prepare to try his case himself, and time necessary to finalize his motion, the time between August 4 through October 27, 2010, was appropriately excluded under the interest-of-justice exception to allow for effective preparation of trial. See 18 U.S.C. § 3161(h)(7)(B)(iv). Furthermore, while Defendant's motions were pending, time was automatically excluded.

At a status hearing on October 27, 2010, Defendant represented that he "would be filing a supplemental to the suppression motion requesting a *Franks* hearing based on some information that has come up through the discovery process." R. 177 at 2 (transcript). The parties also argued Defendant's then-pending change-of-venue motion. At the conclusion of the hearing, the Government moved for the exclusion of time "in the interest of justice for the continued preparation of pretrial motions and for the pending motion that's still before Your Honor." R. 177 at 17. In light of the colloquy held before Judge Lindberg, and Judge Lindberg's denial of Defendant's motion for change of venue, exclusion of time from October 27 through December 2, 2010, was appropriate to allow Defendant to continue effective preparation for trial and to refocus attention from motion practice to trial preparation, despite the fact that motion practice—

13

at times on issues that have been decided repeatedly—has continued up to and through trial in this case. See 18 U.S.C. § 3161(h)(7)(B)(iv).

In sum, with the exception of nine days between indictment and arraignment in 2007 and seven days between status hearings in April and May 2009, and even counting 21 days between arraignment and the filing of the Government's motion in 2007 to have the court declare the case to be "complex," time has been properly excluded at every stage of this case. Furthermore, in connection with most of the exclusions, either Judge Lindberg or this Court explained the reasoning for the exclusion, or the party seeking a continuance gave reasons for excluding time in the moving papers. And in those instances when an explanation for the exclusion of time was not placed on the record, the Court has referred to other events around that time to find that Judge Lindberg properly excluded time under the interest-of-justice exception. In these ways, as well as in the ways explained above, adequate justifications exist on the record for each exclusion of time since the Grand Jury returned the original indictment. Thus, the number of possibly non-excluded days totals only 37—even assuming that the 21–day period in 2007 was not properly excluded. Because the 37 non-excluded days is fewer than the 70 days allowed under § 3161, no Speedy Trial Act violation has occurred.

Defendant argues that "the use of the automatic exclusion of time without putting any other findings on the record is the definitive issue of whether or not there has been a Speedy Trial Act violation." R. 332 at 3. As discussed above, however, many of Judge Lindberg's and this Court's justifications for excluding time were explained on the record. And, as previously set forth in great detail by this Court both in writing and orally, to the extent that Judge Lindberg did not fully set forth on the record reasons for excluding time in any particular instance, the Court can review the docket entries, the transcripts, and the context of the case and put on the

record now a fuller explanation of why time was excluded at that time, as the Court has done. See *O'Connor*, 656 F.3d at 636 (explaining that the Speedy Trial Act "implies" that "the district court must enter the findings into the record *not later than* the time the court rules on a defendant's motion to dismiss") (emphasis in original) (quoting *Zedner*, 547 U.S. at 507). For these reasons, the Court concludes that no speedy trial violation has occurred.

## III. Conclusion

For the reasons set forth above, Defendant John Tomkins' motion to dismiss superseding indictment for violation of the Speedy Trial Act [332] is respectfully denied.

Dated: May 4, 2011                    _____
                                       Robert M. Dow, Jr.
                                       United States District Judge