IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CR 227 |
| ) | |
| vs. ) | District Judge Dow |
| . ) | |
| ) | Magistrate Judge Schenkier |
| JOHN P. TOMKINS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

In a Memorandum Opinion and Order dated February 23, 2012 (doc. # 285), this Court considered defendant's motion for return of seized property and for an injunction against the United States Postal Inspection Service (doc. # 253). The government agreed to return certain items; with respect to the remaining items, the Court denied the motion. In so doing, the Court explained that it was "satisfied here by the government's explanation that the materials that remain in dispute may have evidentiary value" and thus could be retained by the government in anticipation of the upcoming trial (doc. # 285: Mem. Op. and Order at 3-4).

Since that ruling, the case has gone to trial. On May 4, 2012, a jury found defendant guilty on Counts One through Six and Eight through Thirteen of the Superseding Indictment (doc. ## 363-64); Count Seven had previously been dismissed on motion by the government (doc. # 358). Thereafter, on June 22, 2012, defendant filed motions for a new trial, a judgment of acquittal, and a mistrial (doc. ## 373-375). Those motions remain pending before the district judge.

On June 22, 2012, defendant also filed his fifth motion for return of seized property (doc. # 372). The district judge has referred that motion to this Court for ruling (doc. # 393). The motion is now fully briefed (doc. ## 395-396). In its response to the motion, the government identifies certain seized items that it has returned[1] or agrees to return promptly.[2] As to the remaining documents, the Court denies defendant's motion.

I.

At the threshold, we consider Mr. Tomkins's argument that the government's memorandum fails to set forth the information the Court required in its order setting a briefing schedule. In its November 21, 2012 order, the Court directed the government to identify which of the materials it seized from Mr. Tomkins were offered into evidence at trial. The Court further ordered that for those materials that were not offered into evidence at trial, the government state on an item-by-item basis whether the government agrees to return those materials and, if not, the basis for continuing to retain them (doc. # 394). In his reply memorandum, Mr. Tomkins complains that the government failed to follow this direction (doc. # 396: Def.'s Reply at 1). We disagree.

The government memorandum contains two tables that identify the seized materials on an item-by-item basis using the listing supplied by Mr. Tomkins in connection with his second motion for return of property (doc. # 234: Def.'s Reply to the Government's Response to Defendant Tomkins' Second Motion for Return of Seized Property, Ex.1), and that Mr. Tomkins used in his third motion for return of property that was the subject of this Court's February 23, 2012 ruling (doc.

---

[1] Items Nos. A01350218, A00430657, A00430686, A00430665, A00430630, A00430680, A01349205, A00430687, A00430669, A01350605, A01350607, A01350237, A004306[3]4, A00430629, A01350210, A01154364, and A01154369.

[2] Items Nos. A00430688 (gift card), A01349202, A00430684, A01350231.

2

# 253: Def.'s Mot. at 7). In those tables, the government identifies on an item-by-item basis which materials it has returned or will return (*see* notes 1-2, above); which materials were offered as trial exhibits; and the basis for its position that the remaining materials should not be returned at this time even though they were not used at trial. The government has provided the information that the Court required.

## II.

Mr. Tomkins seeks return of the property pursuant to Federal Rule of Criminal Procedure 41(g), which states that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Mr. Tomkins argues that the materials should be returned because they were improperly seized in the first place (doc. # 372: Def.'s Mot. at 1; doc. # 396: Def.'s Reply at 2). This is a recycled argument that Mr. Tomkins made, and that this Court rejected, in the third motion for return of property. In its prior ruling, this Court pointed out that defendant's objections to the search that resulted in seizures have been rejected at the trial court level. As we said before (doc. # 285: 02/23/12 Mem. Op. and Order at 3) we decline to "require the return of materials on a theory that has been rejected by the district court."

We next consider Mr. Tomkins's argument that with the trial completed, "there is no legitimate reason why the government cannot return the items that have no evidentiary value and are not subject to forfeiture" (doc. # 372: Def.'s Mot. at 1). We do not quarrel with that statement as a general proposition. However, as we explain below, defendant has failed to show that the materials the government seeks to retain could have no conceivable evidentiary value.

*First*, many of the items the government seeks to retain – 28 – were in fact offered as exhibits at trial.[3] Defendant offers no explanation to show why the government should not be entitled to retain those items, and with good reason. The government plainly has an interest in retaining those items for use in the event that Mr. Tomkins prevails (either on his post-trial motions or on an appeal) in securing a new trial.

*Second*, with respect to the items that the government did not use at trial but seeks to retain, the government has satisfactorily explained a legitimate reason for their potential use in the event of a new trial. When a case is retried, the basis on which a retrial was granted or a simple reassessment of trial strategy may lead a trial lawyer to revisit all aspects of the original trial strategy – including what exhibits to offer into evidence. Mr. Tomkins's disagreement with the government's explanation of why certain items may be used in evidence in the event of a retrial is an insufficient basis to require the government to return the items. As we said before and repeat here:

> "[w]e decline the invitation to dismiss (or dictate) the government's strategic considerations as to what evidence it may seek to use at trial. Defendant may believe that the government will not need certain items of evidence because he will not dispute certain points at trial. However, the government still may seek to introduce some evidence on those points to attempt to enhance the persuasiveness of its case. Defendant may believe that some of the materials the government seeks to keep are duplicative of other evidence that the government already possesses (such as, with respect to handwriting). However, the judgment about whether certain evidence is cumulative of other evidence depends on knowing what has been admitted into evidence at trial, which at this time is plainly unknown.

---

[3] A00430675 (Ex. 23), A01349269 (Ex. 24), A00430664 (Ex. 27), A00430653 (Ex. 22), A00430670 (Exs. 26A and 26B), A01350217 (Ex. 31D), A01350226 (Ex. 68), A01350225 (Ex. 69), A01350247 (Ex. 38), A01350602 (Ex. 17), A01350606 (Ex. 18), A00430203 (Ex. 20A), A00430206 (Ex. 20B), A00430205 (Ex. 21), A01349201 (Ex. 25), A01350239 (Ex. 30), A01350268 (Exs. 31, 31B, 31C, 31E, 31F, 31G, and 31H), A01350240 (Ex. 32), A01350300 (Ex. 33), A01350269 (Ex. 34), A01350242 (Ex. 35), A01350227 (Ex. 36), A01350298 (Ex. 37), A01350297 (Ex. 39), A01350244 (Ex. 40), A01350243 (Ex. 41), A01350245 (Ex. 42), and A01350241 (Ex. 43).

(doc. # 285: 02/23/12 Mem Op. and Order at 3-4). We are satisfied by the government's explanation that the materials that it seeks to retain that were not used at trial nonetheless may have evidentiary value in the event of a retrial, and that they therefore do not need to be returned at this time.

*Third*, defendant attaches a number of seized documents to his reply in an effort to show that they could have no conceivable evidentiary value (doc. # 396: Def.'s Reply at 2-3). However, defendant does not explain which of these documents he attaches as exhibits (if any) are still retained by the government, or where they may be found on the tables set forth in the government's response. Mr. Tomkins does not link those documents to particular items set forth on the government's tables of retained materials – a table that itself is derived from a list that Mr. Tomkins himself first assembled. Defendant's reference to those documents fails to advance his argument.

Finally, defendant seeks a hearing at which he asks that the government be required "to establish their legal right to have the seized property in the first place, and their legal right to retain it in the second place" (doc. # 372: Def.'s Mot. at 1). As we have explained, Mr. Tomkins is not entitled to a hearing on the propriety of the seizures, as that matter already has been determined by the trial court. Nor is a hearing required on the question of the return of property, as the briefing submitted by the parties has been sufficient for the Court to resolve that question.

## CONCLUSION

For the foregoing reasons, the Court denies defendant's motion (doc. # 372). With respect to the items that the government has agreed to return, the government shall arrange for their return by January 11, 2013.

ENTER:

*[signature]*

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: December 26, 2012